IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JACOB BAUMILLER,                        )
                                        )
        Plaintiff,                      )
                                        )
        v.                              )        Civil Action No. 17-1381
                                        )
JEFFERSON B. SESSIONS III,              )
*Attorney General of the United States,*  )
        et al.,                         )
                                        )
        Defendants.                     )

MEMORANDUM OPINION

Before the court are cross-motions for summary judgment filed by plaintiff Jacob

Baumiller ("Baumiller") (ECF No. 15) and defendants, the attorney general of the United

States and the director of the Bureau of Alcohol, Tobacco, Firearms and Explosives

("ATF") (together, the "government") (ECF No. 21). This case involves an as-applied

challenge to the constitutionality of 18 U.S.C. § 922(g)(1), in which Baumiller seeks

judicial recognition that his prior conviction does not preclude him from possessing a

firearm. The motion is fully briefed and is ripe for decision. The parties filed a joint

statement of undisputed material facts. (ECF No. 32).

I. BACKGROUND & PROCEDURAL HISTORY

        Baumiller is a legal resident of Pennsylvania (ECF No. 32). He is not prohibited

by Pennsylvania state law from possessing a firearm. He has not been convicted of

domestic violence or the subject of a restraining order, is not an unlawful drug user, has

not been adjudicated a mental defective and was not dishonorably discharged from the

Armed Forces. The government contends that Baumiller's conduct since 2010 is not

1

fully law-abiding because he attempted to purchase firearms, knowing that he was prohibited from doing so.

The following facts are recited essentially verbatim from the parties' joint stipulation (ECF No. 32). In the fall of 2008, Baumiller learned that there were two gas-operated saws located in a structure in a driveway at 300 Ridge Road, Washington, Pennsylvania. (ECF No. 24-1 at 39:24-40:18; 41:11-16; 42:16-25; ECF No. 24-2 at 1). Baumiller drove to 300 Ridge Road, with the intention of stealing those two gas-operated saws – a chain saw and a chop saw. (ECF No. 24-1 at 41:21-24 ("I drove there to take the saws and that was about it."); ECF No. 24-2 at 1). When Baumiller arrived, he entered the property that did not belong to him; stole two saws from the unlocked structure; took the saws back home; and retained them in his own shed. (ECF No. 24-1 at 39:24-40:2; 41:1-3; 41:11-24; 43:6-7; 43:13-17).

The stolen saws belonged to an individual named Michael Hodak ("Hodak"). (*Id*. at 40:1-4). In or around May 2009, Hodak confronted Baumiller regarding the theft of Hodak's saws. (*Id*. at 45:25-46:6; ECF No. 24-2 at 3). When confronted by Hodak, Baumiller admitted that he had taken Hodak's two saws. (ECF No. 24-1 at 46:5-6). Hodak requested that Baumiller return the stolen saws, and Baumiller complied. (*Id*. at 46:12-14).

At some time thereafter, but prior to August 31, 2009, Pennsylvania State Trooper Thomas Schuster interviewed Baumiller at his place of employment, Goodyear Auto Service, in McMurray, Pennsylvania. (ECF No. 24-1 at 44:1-45:8; ECF No. 24-2 at 4). During the interview, Baumiller admitted that he had stolen the chain saw and chop saw from Hodak. (ECF No. 24-1 at 44:1-45:8).

On or about August 31, 2009, Baumiller was charged in the Court of Common Pleas of Washington County, at Docket Number CP-63-CR-0002254-2009, with Theft by Unlawful Taking – Movable Property, 18 Pa. Const. Stat. § 3921(a); Receiving Stolen Property, 18 Pa. Const. Stat. § 3925(a); and Criminal Mischief – Damage Property, 18 Pa. Const. Stat. § 3304(a)(5). (ECF No. 17-1 at 9-10; ECF No. 24-3). On or about February 23, 2010, Baumiller pleaded guilty to a violation of 18 Pa. Const. Stat. § 3921(a) for committing theft by unlawful taking, a first-degree misdemeanor. The receipt of stolen property and criminal mischief charges were withdrawn. (*Id*.; ECF No. 24-1 at 49:13-50:1).

The maximum possible sentence for a violation of 18 Pa. Const. Stat. § 3921(a) is a term of incarceration of five years. (ECF No. 24-1 at 49:16-19). Baumiller received a sentence of twelve months of probation and an order to pay restitution in the amount of the value of the stolen saws, $1,900, as well as a fine in the amount of $1,205.05. (*Id*. at 49:20-50:1; ECF No. 17-1 at 9-10; ECF No. 24-3).

When Baumiller was around the age of 18 or 19, he purchased two Mossberg 500 firearms. (ECF No. 24-1 at 15:8-19). After being convicted of violating 18 Pa. Const. Stat. § 3921(a) in 2010, Baumiller was informed that he was no longer allowed to possess those firearms, and he sold them to his brother. (*Id*. at 15:20-16:8). On multiple occasions after Baumiller was convicted of the violation of 18 Pa. Const. Stat. § 3921(a), he attempted to purchase one or more firearms; each attempt was unsuccessful. (*Id*. at 19:16-22:20). Specifically, in or around the fall of 2016, years after Baumiller had been convicted of violating 18 Pa. Const. Stat. § 3921(a), he attempted to purchase one or

more firearms. (*Id*. at 24:15-23). Baumiller was denied the ability to purchase a firearm on each occasion. (*Id*. at 22:15-23:9).

II. <u>STANDARD FOR SUMMARY JUDGMENT</u>

Summary judgment is appropriate where the moving party establishes "that there is no genuine dispute as to any material fact" and judgment is appropriate "as a matter of law." Fed. R. Civ. P. 56(a). A dispute is "genuine" if there is a sufficient evidentiary basis for a reasonable jury to find for the nonmoving party, and "[a] fact is 'material' if, under substantive law of the case, it is outcome determinative." *Sovereign Bank v. BJ's Wholesale Club, Inc.*, 533 F.3d 162, 172 (3d Cir. 2008); *Schoonejongen v. Curtiss-Wright Corp.*, 143 F.3d 120, 129 (3d Cir. 1998).

The moving party initially bears the burden of showing the absence of a genuine dispute of material fact, in which case the burden shifts to the nonmoving party to identify specific facts evidencing a genuine issue for trial. *Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764, 773 (3d Cir. 2013) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 314 (1986)). To support their factual assertions, the parties must cite to specific parts of the record or show "that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

Typically, "a district court may not make credibility determinations or engage in any weighing of the evidence" in analyzing a motion for summary judgment. *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004). Where "common sense dictates that" certain facts are "incredulous," however, a district court need not assume that those are uncontroverted and must be assumed as true. *See, e.g., Kach v. Hose*, Civ. No. 06-

4

1216, 2008 WL 4279799 (W.D. Pa. Sept. 12, 2008); *cf. Scott v. Harris*, 550 U.S. 372, 380 (party's "version of events" may be rejected where "blatantly contradicted by the record"). Ultimately, "summary judgment is inappropriate [where] there is a sufficient quantum of evidence on either side for reasonable minds to differ," but "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Schoonejongen*, 143 F.3d at 130; *Layshock ex rel. Layshock v. Hermitage Sch. Dist.*, 650 F.3d 205, 211 (3d Cir. 2011) (quoting *Anderson*, 477 U.S. at 247-48) (internal quotation marks omitted).

III. ANALYSIS

A. THE SECOND AMENDMENT

The Second Amendment states: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. CONST. amend. II. This amendment protects an individual's right to possess a firearm "unconnected with militia service," but that individual right is "not unlimited." *District of Columbia v. Heller*, 554 U.S. 570, 582, 626 (2008). *Heller* provided some examples of "presumptively lawful regulatory measures" that can constrain the right, including "the possession of firearms by felons." *Id.* at 626-27. A person convicted in any court of a "crime punishable by imprisonment for a term exceeding one year" is generally prohibited by statute from possessing firearms. 18 U.S.C. § 922(g)(1), Because of his 2010 conviction, therefore, Baumiller is unable to possess a firearm. A violation of § 922(g)(1) is a felony criminal offense punishable by fine and imprisonment of up to ten years. *See* 18 U.S.C. § 924(a)(2). There is an exception, however, for "[a]ny conviction which has been expunged, or set aside or for

which a person has been pardoned or has had civil rights restored." 18 U.S.C. §

921(a)(20). In this case, Baumiller asks the court to recognize that, as-applied to him, 18

U.S.C. § 922(g)(1) is unconstitutional under the Second Amendment and he is lawfully

entitled to possess a firearm.

B. THE FRAMEWORK FOR AS-APPLIED SECOND AMENDMENT CHALLENGES

An as-applied challenge "does not contend that a law is unconstitutional as

written but that its application to a particular person under particular circumstances

deprived that person of a constitutional right." *United States v. Mitchell*, 652 F.3d 387,

405 (3d Cir. 2011) (quoting *United States v. Marcavage*, 609 F.3d 264, 273 (3d Cir.

2010)); *see Ayotte v. Planned Parenthood of N. New England*, 546 U.S. 320, 329 (2006)

("It is axiomatic that a statute may be invalid as applied to one state of facts and yet valid

as applied to another." (internal quotation marks omitted)). Baumiller's as-applied

challenge requires the court to consider whether his particular circumstances preclude §

922(g)(1) from being enforced against him. The Third Circuit Court of Appeals, in a

plurality opinion, set forth a two-step, burden-shifting analysis this court must apply to

analyze Baumiller's as-applied challenge to § 922(g)(1). *Binderup v. Attorney General*,

836 F.3d 336 (3d Cir. 2016) (en banc); *see Clark v. Sessions*, 336 F. Supp. 3d 535 (W.D.

Pa. 2018) (restoring citizen's Second Amendment rights); *United States v. Brooks*, No.

17-250, 2018 U.S. Dist. LEXIS 87591 (W.D. Pa. May 24, 2018) (providing an overview

of the background, varying opinions, and framework for as-applied challenges to §

922(g)(1) from *Binderup*).

First, Baumiller "must prove . . . that a presumptively lawful regulation burdens

his Second Amendment rights. This requires [him] to clear two hurdles: (1) identify the

traditional justifications for excluding from Second Amendment protections the class of

which he appears to be a member . . . and then (2) present facts about himself and his

background that distinguish his circumstances from those of persons in the historically

barred class." *Binderup*, 836 F.3d at 346-47. For Baumiller to succeed at this step, the

court "must find facts to determine whether he has adequately distinguished his

circumstances from those of persons historically excluded from Second Amendment

protections." *Id.* at 347. "Not only is the burden on the challenger to rebut the

presumptive lawfulness of the exclusion, but the challenger's showing must be strong."

*Id.*

Second, if Baumiller succeeds at step one, "the burden shifts to the Government

to demonstrate that the regulation satisfies . . . heightened scrutiny." *Id.* The court must

determine "whether the Government has made a strong enough case for disarming a

person found after step one to be eligible to assert an as-applied challenge. This turns in

part on the likelihood that the [c]hallenger[] will commit crimes in the future." *Id.* at 354

n.7. Intermediate scrutiny applies to this analysis. *Id.* at 353; *see Brooks*, 2018 U.S. Dist.

LEXIS 87591, at *14.

      1. <u>STEP ONE</u>

        (a) PRESUMPTION

Although § 922(g)(1) bars possession of firearms by those convicted of "a crime

punishable by imprisonment for term exceeding one year," its prohibition excludes those

convicted of a "State offense classified by the laws of the State as a misdemeanor" unless

it is punishable by more than two years imprisonment. 18 U.S.C. § 921(a)(20)(B).

Baumiller was convicted of a misdemeanor subject to § 922(g)(1): his misdemeanor

conviction under 18 Pa.Cons. Stat. § 3921(a) was punishable by up to five years imprisonment. Baumiller is subject to a firearm ban that is, per *Heller*, "presumptively lawful." *Binderup*, 836 F.3d at 347.

### (b) TRADITIONAL JUSTIFICATION

"[M]ost scholars of the Second Amendment agree that the right to bear arms was tied to the concept of a virtuous citizenry and that, accordingly, the government could disarm 'unvirtuous citizens.'" *Binderup*, 836 F.3d at 348 (quoting *United States v. Yancey*, 621 F.3d 681, 684-85 (7th Cir. 2010)). Unvirtuous citizens include those "persons who have committed *serious* crimes." *Id.* at 348-49.

The class of persons who have committed serious crimes (i.e. unvirtuous citizens) "forfeit the right to possess firearms much the way they 'forfeit other civil liberties, including fundamental constitutional rights.'" *Id.* at 349 (quoting *Barton*, 633 F.3d at 175). Based on his 2010 conviction, Baumiller *appears* to be a member of this class.

### (c) APPLICATION TO PLAINTIFF

Baumiller has a burden to overcome the presumptive lawfulness of § 922(g)(1) by showing that his conviction under 18 Pa. Cons. Stat. § 3921(a) was not a serious crime, i.e., to distinguish his circumstances from the historically barred class of unvirtuous citizens. To determine whether a crime is "serious," the court may consider, among other factors:

- the statutory maximum penalty of the crime;
- whether the crime is a misdemeanor;

- whether use of force is an element of the crime;[1]

- the sentence actually imposed upon the challenger; and

- whether there is consensus among the states about the seriousness of the offense.

*Id.* at 351-53. At Step One, the focus is whether petitioner was convicted of a serious crime, not whether he poses a risk of violent recidivism. *Id.* at 349. "[E]vidence of a challenger's rehabilitation or his likelihood of recidivism is not relevant to the step-one analysis." *Id.* at 356. The court rejected the idea "that the passage of time or evidence of rehabilitation will restore the Second Amendment rights of people who committed serious crimes." *Id.* The court will consider each of the factors identified in *Binderup*.

### (i) The statutory maximum penalty of the crime

18 Pa. Cons. Stat. § 3921(a) allows for a maximum penalty of five years imprisonment.

### (ii) Whether the crime is a misdemeanor

18 Pa. Cons. Stat. § 3921(a) (theft by unlawful taking) provides: "(a) Movable property.--A person is guilty of theft if he unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof." The grading of theft offenses under Pennsylvania law is set forth in 18 Pa. Cons. Stat. § 3903. If the amount involved is greater than $200 but less than $2,000, the crime is classified as a first degree misdemeanor. Because the value of the saws stolen by Baumiller was $1,900, he committed a first degree misdemeanor. If the value of the saws exceeded $2,000, Baumiller's crime would have been considered a felony of the third degree. *Id.*

---

[1] These first three factors – "the elements of the offense, the actual sentence, and the state of the law" – are "objective indications of seriousness . . . well within the ambit of judgment exercised daily by judges." *Bimderup*, 836 F.3d at 353 n.5.

**(iii) Whether use of force is an element of the crime**

Use of force is not an element of this crime.

**(iv) The sentence actually imposed upon the challenger**

Baumiller was sentenced to one year of probation, restitution of $1,900, and a fine

of $1,205.05, which is a minimal sentence.

In *Binderup*, the court upheld the as-applied challenges to 18 U.S.C. § 922(g)(1)

under the Second Amendment of two challengers ("Binderup" and "Suarez"). Both

Binderup and Suarez received tougher sentences following their convictions than

Baumiller. *Id.* at 340. Binderup was convicted under Pennsylvania law for corrupting a

minor, a misdemeanor subject to imprisonment for up to five years, and was sentenced to

three years probation and a three-hundred dollar fine.[2] *Id.* at 340; 18 Pa. Cons. Stat. §§

6301(a)(1)(I). Suarez was convicted under Maryland law for carrying a handgun without

a license, which is a misdemeanor subject to imprisonment for "not less than 30 days and

not [more than] three years or a fine of not less than $250 and not [more than] $2,500 or

both." *Id.* at 340; Md. Code.  Art. 27, §36(B)(b) (1990) (now codified at Md. Code

Crim. Law § 4-203). Suarez received a suspended sentence of 180 days of imprisonment,

a $500 fine, and a year of probation. *Id.* at 340.[3]  In *Clark*, the plaintiff had been

convicted of a Pennsylvania misdemeanor for carrying a firearm without a license for

which he was sentenced to one year of probation and a fine of $242.  336 F. Supp.3d at

---

[2] The court in *Binderup* called Binderup's sentence a "colloquial slap on the wrist." *Binderup*, 836 F.3d at 340.

[3] Eight years after a conviction for carrying a firearm without a license, Suarez was convicted of the state-law misdemeanor of driving under the influence of alcohol. *Id.* That conviction, however, was not subject to § 922(g)(1). *Id.*

542. In *Clark*, the court upheld the plaintiff's as-applied challenge to the enforcement of § 922(g)(1) against him.

### (v) Whether there is consensus among the states about the seriousness of the offense

The government submitted a fifty-state survey of laws criminalizing theft of property. (ECF No. 24-4). The survey reflected that forty states and the District of Columbia classify Baumiller's conduct (theft of property valued at $1,900) as a felony. Of the ten states that do not classify that conduct as a felony, six states, including Pennsylvania, classify it as a misdemeanor and the other four states do not use a felony/misdemeanor system, but punish the conduct by more than two years in prison. Baumiller did not dispute the government's survey.

In *Laudenslager v. Sessions*, No. 4:17-CV-00330, 2019 WL 587298 (M.D. Pa. Feb. 13, 2019) (rejecting the as-applied challenge of a plaintiff convicted of receiving stolen property), the court noted that "all jurisdictions unanimously criminalize the knowing receipt of stolen property worth $1,280, and nearly three-fourths of those jurisdictions impose punishments satisfying disarmament under § 922(g)(1) and § 921(a)(20)(B)." *Id*. at * 6. In *Binderup*, by contrast, surveys of state laws showed no consensus. The survey presented in *Binderup* showed that although some states treated Binderup's conviction for a consensual sexual relationship between 41 and 17 year olds as a serious crime, the vast majority of states did not. 836 F.3d at 352. Regarding Suarez's conviction for carrying a firearm without a license, the survey showed that no specific credential is needed to carry a weapon in numerous states and, where it is considered a crime, more than half the states penalize it by less than a year in prison. *Id*. at 352-53. In *Clark*, also involving a prior conviction for carrying a firearm without a

license, the court relied upon *Binderup* to conclude that no consensus existed among the states with respect to the seriousness of the offense. *Clark*, 336 F. Supp.3d at 543.

The state survey in this case demonstrates a stronger consensus than existed in *Laudenslager*, and is entirely distinguishable from the survey results in *Binderup* and *Clark*. Theft of $1,900 in property is criminalized in all states, with the majority[4] classifying it as a felony. In sum, there is a consensus among the states that Baumiller committed a serious crime.

**(vi) Summary and Application of the Step One Factors**

The Step One factors in this case balance in favor of the government's position. In Baumiller's favor, his 2010 crime was classified as a misdemeanor, involved no use of force, and he received a minimal sentence. In addition, Baumiller points out that he voluntarily returned the stolen saws when confronted by Hodak and has been law-abiding since 2010 (a Step Two factor). Weighing against Baumiller at Step One, his crime has a maximum penalty of five years, which is considerably above the one-year limit incorporated into § 922(g)(1) and the two-year misdemeanor exclusion in 18 U.S.C. § 921(a)(20)(B). The most weighty factor against Baumiller is that there is a strong consensus among the states about the crime's seriousness – the vast majority of states classify theft of $1,900 in property as a felony.

In *Clark*, this court recognized that the plaintiff's prior conviction did not preclude him from possessing a firearm. The distinguishing factor between that decision and Baumiller's situation, as explained above, is that there is no consensus among the

---

[4] Using the most conservative methodology, the consensus exceeds 80% because forty states and the District of Columbia classify it as a felony. Setting aside the four states that do not use the felony/misdemeanor system, the consensus is 87%. If those four states, which punish the conduct by a term of imprisonment exceeding two years, are included, the consensus is 88%.

states that Clark's prior conviction for carrying a firearm without a license is a serious crime. Clark's conviction is not a crime at all in numerous states, in which no specific credential is required to carry a firearm. Baumiller's conviction, by contrast, is viewed as a serious crime (i.e., a felony) by more than 80% of the states. In *Binderup*, the court commented: "Were the Challengers unable to show that so many states consider their crimes to be non-serious, it would be difficult for them to carry their burden at step one." 836 F.3d at 353.

"Not only is the burden on the challenger to rebut the presumptive lawfulness of the exclusion, but the challenger's showing must be strong." *Id.* at 347. Here, considering all the relevant factors, Baumiller did not make a sufficiently strong showing that his 2010 conviction was not "serious." The court concludes that his claim fails at Step One. *Accord Laudenslager*, 2019 WL 587298 (dismissing as-applied challenge at Step One where petitioner was convicted of receiving $1,280 in stolen property). The court, therefore, need not address Step Two.

IV. CONCLUSION

In accordance with the foregoing, the government's motion for summary judgment will be granted and Baumiller's motion for summary judgment will be denied.

An appropriate order follows.

Dated: March 7, 2019

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JACOB BAUMILLER                          )
                                         )
            Plaintiff,                   )
                    v.                   )
                                         )
JEFFERSON B. SESSIONS III,               )
*Attorney General of the United States,* )          Civil Action No. 17-1381
            et al.,                      )
                                         )
            Defendants.                  )


## ORDER

And now this 7th day of March, 2019, in accordance with the memorandum opinion, the government's motion for summary judgment (ECF No. 21) is GRANTED and Baumiller's motion for summary judgment (ECF No. 15) is DENIED. The clerk shall docket this case closed.


                                    /s/ Joy Flowers Conti
                                    Joy Flowers Conti
                                    Senior United States District Judge